**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RONALD CARTER | : |
| Plaintiff | : |
| v | :  Civil Action No. JFM-05-2522 |
| LEHRMAN DOTSON and CHIEF DWIGHT JOHNSON | : |
| Defendants | : |

o0o
**<u>MEMORANDUM</u>**

In this civil rights action, filed September 12, 2005, plaintiff alleges that he is inappropriately incarcerated at Maryland Correctional Adjustment Center (MCAC) because his seizure disorder cannot be properly monitored. Paper No. 1. Defendants[1] Dotson and Johnson have filed a motion to dismiss or for summary judgment, which shall be construed as a motion for summary judgment. Paper No. 26. Plaintiff was advised of his right to file an opposition to the motion and of the consequences of failing to do so, *see* Paper No. 27, and has filed correspondence with the court regarding his medical condition as well as a motion for appointment of counsel. Papers No. 28, 29, 33 and 34. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons that follow the motion for summary judgment shall be granted.

Background

Plaintiff alleges that on September 1, 2005, he was in the recreation yard of MCAC with three other inmates when he had a seizure while wearing restraints. Paper No. 3 at p. 4. Another inmate kicked on the cage to get the attention of officers so that plaintiff would receive help. *Id*.

---

[1] Also named as a defendant in the complaint is Alford Daly, R.N., who was never served.

Plaintiff claims he injured his forehead when he fell to the ground during the seizure and that he was required to lie on the ground for approximately 20 minutes before medical help arrived. *Id*. When plaintiff was able to get up on his own, he was escorted back to his cell where he was permitted to lie down on a mattress that was placed on the floor. His restraints were not removed. *Id*. Plaintiff further claims that when he awoke in his cell, he had a severe headache, he was wet from urine, and he was still in full restraints. *Id*. at p. 5. He asserts that he should not be required to wear full restraints because he could be injured during a seizure. *Id*. Plaintiff also alleges that the design of MCAC presents a danger to him because the walls are not padded, his bed does not have railings, the bunks are made of bricks, he is not closely observed by officers or medical staff, and he must sleep on a mattress on the floor. *Id*. at p. 6. Plaintiff further explains that the cell he is assigned to at MCAC is located in an area where the officers cannot see him and other inmates who are assigned to cells close by must kick on their doors to get the attention of officers during plaintiff's seizures. *Id*.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).

The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (*citing Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (*quoting Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment

may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

In order to state an Eighth Amendment constitutional claim for denial of medical care, plaintiff must demonstrate that defendant's acts (or failures to act) amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not give rise to a constitutional claim. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

"'[B]ecause society does not expect that prisoners will have unqualified access to health care,' the objective component of an Eighth Amendment claim based on deprivation of medical attention is satisfied only if the medical need of the prisoner is 'serious.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (*quoting Hudson v. McMillian*, 503 U. S. 1, 9 (1992)). "[A]n injury or condition is 'serious' only if it is 'life threatening or poses a risk of needless pain or lingering disability if not treated at once.'" *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1096 (N.D. Ill. 1995) (quoting *Davis*

*v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)).

The uncontradicted evidence shows that plaintiff's seizure disorder resulted from head trauma. He is required to wear a protective helmet to insure he does not injure his head during a seizure. Paper No. 26 at Ex. 1. He is treated with anti-seizure medication and has been hospitalized when his medical condition required close monitoring by medical staff. *Id*. at Ex. 3. Plaintiff's medical need is serious: however, it has not been ignored.

Plaintiff claims that his assignment to MCAC has exacerbated the potential for a serious injury to befall him during a seizure. Evidence reveals, however, that plaintiff was assigned to MCAC, a super-maximum security prison, after assaults upon correctional staff while he was incarcerated at other facilities. Paper No. 26 at Ex. 2. The assault that prompted his transfer to MCAC occurred when plaintiff, while wearing handcuffs, hit a correctional officer in the face. Plaintiff's medical condition does not excuse his assaultive behavior, nor is it a basis to ignore the legitimate security concerns he has created. Defendants allege, and plaintiff does not dispute, that they have made efforts to accommodate his disability, such as providing him with a protective helmet, and a single cell and placing his mattress on the floor. *Id*. at Ex. 1. While plaintiff is not provided with constant supervision to monitor his health, he has not been denied medical treatment when it was necessary and there is no allegation that he would be provided with constant supervision at another prison. In short, the potential for serious injury in this case is not the result of plaintiff's assignment to MCAC. Accordingly, defendants are entitled to summary judgment in their favor.

<u>August 1, 2006</u>                                      /s/_____
Date                                                          J. Frederick Motz
                                                              United States District Judge